Robert G. Wing (4445)  rgw@princeyeates.com
Jennifer R. Korb (9147)  jrk@princeyeates.com
Jared N. Parrish (11743)  jnp@princeyeates.com
**PRINCE, YEATES & GELDZAHLER**
A Professional Corporation
15 West South Temple, Suite 1700
Salt Lake City, UT 84101
Telephone: (801) 524-1000
Facsimile:  (801) 524-1098

*Attorneys for Receiver Gil A. Miller*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GIL A. MILLER, as Receiver for IMPACT PAYMENT SYSTEMS, LLC, et al., and IMPACT CASH, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SIGNATURE MARKETING, LLC, a Utah limited liability company,<br><br>Defendant. | **COMPLAINT**<br>**(Ancillary Suit)**<br><br>Civil No. 1:12-cv-00062<br><br>Judge Dale Kimball |

Gil A. Miller (the "Receiver"), as Receiver for Impact Cash, LLC and Impact Payment Systems, LLC (together, "Impact") complains against Defendant as follows:

**STATEMENT OF THE CASE**

1. John Scott Clark operated a number of businesses collectively referred to as "Impact." He operated Impact fraudulently; in fact, it was operated as a Ponzi scheme.

As a result of Impact's fraud, many of its investors did not receive a return of their principal investment or their promised returns.

2. Impact transferred assets to some of its investors which exceeded the amount of their investment. Because Impact was operated fraudulently and/or as a Ponzi scheme, these returns were fictitious. Impact made these transfers with actual intent to hinder, delay or defraud its creditors, including other investors.

3. Mr. Miller was appointed receiver of Impact with charge to marshal Impact's assets. The Receiver seeks the return of the amounts by which the transfers to Signature Marketing exceeded its investments, for the benefit of the receivership estate.

## PARTIES, JURISDICTION AND VENUE

4. Gil A. Miller was appointed on March 25, 2011, as receiver for Impact Cash, LLC and Impact Payment Systems, LLC.

5. Signature Marketing, LLC ("Signature Marketing") is an investor in Impact, and is a Utah limited liability company, located in Sandy, Utah.

6. Jurisdiction is proper in this Court. This Court established Impact's receivership and has jurisdiction over its ancillary actions. Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 754.

7. Jurisdiction is proper in this Court. This Court established Impact's receivership and has jurisdiction over its ancillary actions. Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 754.

8.     Venue is proper in this particular court because Impact operated in Logan, Utah.  Venue is also proper in this Court pursuant to 28 U.S.C. § 754 and 28 U.S.C. § 1692.

## FACTUAL PREDICATE

9.     Impact operated fraudulently.  Mr. Clark told Impact's investors their money would be used to fund segregated payday loans, from which they would receive the net proceeds. He did not operate Impact in this manner.

10.    Mr. Clark made misrepresentations about the nature of investors' security. He told many of the investors that they would own the payday loans that were funded by their investment, and that they would also own any subsequent loans made to a particular borrower.

11.    Impact misrepresented its rate of return, and return on investment, in some instances telling investors they would receive a return averaging 35% to 40% per year.  In at least one instance, an investor was told he could double his money in two weeks.

12.    Mr. Clark did not use funds for the purposes represented to investors.  For example, commingled money went into an entity named Cedar Marketing, from which Mr. Clark paid undisclosed bonuses to himself and others. Mr. Clark purchased luxury automobiles and recreational vehicles and a home with company assets, without disclosing these purchases to investors.

13.    Mr. Clark improperly accounted for Impact revenues. He instructed the accounting department to record all payments from customers as income instead of

allocating the payments between principal, interest and/or fees. This had the effect of overstating revenues and receivables in the financial statements, which were shown to prospective investors.

14. He represented to investors that their money would be segregated. In fact, it was commingled.

15. Impact was operated as a Ponzi scheme. In addition to commingling assets, Impact used new investor money to pay old investors.

16. Impact was therefore insolvent from its inception, and while insolvent, Impact transferred money to Signature Marketing.

17. Impact transferred money to Signature Marketing with the actual intent to hinder, delay or defraud its creditors. Mr. Clark's manipulation of Impact's investor account balances is one example of Impact's intent to defraud.

18. Signature Marketing invested money in Impact, and received more money than it invested.

## **CLAIM FOR RELIEF**

### **(Fraudulent Transfer)**

19. Impact operated fraudulently and as a Ponzi scheme.

20. Signature Marketing received payments of money from Impact.

21. The amounts of money received by Signature Marketing exceed the amounts of money it invested.

22.     Because Impact operated fraudulently, and as a Ponzi scheme, as a matter of law the transfers were made with the intent to hinder, delay or defraud creditors of Impact.

23.     In addition, these transfers were made at a time when Impact was insolvent, and it did not receive reasonably equivalent value in exchange for the payments to Signature Marketing.

24.     Signature Marketing did not take the transfers in good faith, particularly where it took the payments when on inquiry notice that Impact was insolvent and/or operating with a fraudulent purpose.

**WHEREFORE**, Plaintiff prays as follows:

A.     That the Plaintiff be awarded damages against Defendant in an amount to be determined at trial, plus prejudgment and post judgment interest, costs and attorneys fees; and

B.     For such other relief as the Court may allow.

**DATED** this 20th day of March, 2012.

                                **PRINCE YEATES & GELDZAHLER**

                                /s/ Jennifer R. Korb
                                Robert G. Wing
                                Jennifer R. Korb
                                Jared N. Parrish
                                Attorneys for Receiver Gil A. Miller