## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is entered into by Signature Marketing, LLC ("Signature Marketing"), Justin Luettgerodt ("Luettgerodt"), and Gil A. Miller, as the Receiver (the "Receiver") for Impact Cash, LLC and Impact Payment Systems, LLC (together, "Impact") in the civil case styled *SEC v. John Scott Clark, et al.*, Case No. 1:11cv46DN (the "SEC Civil Action") filed in the United States District Court for the District of Utah (the "Court"). Collectively, Signature Marketing, Luettgerodt and the Receiver may be referred to as the "Parties."

## RECITALS

A. Signature Marketing invested money with Impact. Luettgerodt is the sole member of Signature Marketing.

B. Prior to the filing of the SEC Civil Action, Impact transferred money to Signature Marketing that was in excess of the total principal funds that it invested with Impact. The excess amount totaled $65,150 (the "Excess Amount").

C. On March 20, 2012, the Receiver commenced an ancillary action against Signature Marketing styled *Miller v. Signature Marketing*, Civil No. 1:12cv62DN (the "Ancillary Action").

D. The Parties thereafter entered into good-faith negotiations to avoid costs and expenses of litigation and have agreed to resolve and compromise the claims which may exist between them, whether known or unknown, pursuant to the terms and conditions more fully set forth below.

## AGREEMENT

NOW THEREFORE, in consideration of the mutual promises, covenants and agreements set forth in this Agreement, and based upon the foregoing recitals and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Court Approval; Best Efforts.** This Agreement is conditioned on and is subject to the Court's entry of an order in the Ancillary Action approving this Agreement. The Receiver will promptly file a motion seeking Court approval of this Agreement, and the Parties each agree to use their best efforts to secure Court approval of this Agreement in accordance with all applicable law. The date that the Court enters an Order approving this Agreement shall be referred to herein as the "Entry Date."

2. **Cash Payment; Timing; Method.** Signature Marketing agrees to pay to the Receiver, for the benefit of the estate, a total sum in the amount of $10,000 (the "Total Cash Payment"). Signature Marketing shall make the Total Cash Payment within ten (10) business days of the Entry Date. The Total Cash Payment shall be made in certified funds payable to the "*Impact Cash Receivership*," and shall be delivered to the Receiver at Rocky Mountain Advisory, LLC, 215 South State Street, Suite 550, Salt Lake City, Utah 84111. If the Total Cash Payment is not timely paid in full as referenced above, Signature Marketing acknowledges that

Settlement Agreement with Signature Marketing, Page 1

the Excess Amount, less any amount already paid to the Receiver, will be immediately due and payable.

3. **Payment; Property of the Estate.** Signature Marketing expressly agrees that immediately upon receipt by the Receiver, the Total Cash Payment is non-refundable and property of the Receiver for the benefit of Impact's estate. Signature Marketing also expressly agrees that the Total Cash Payment will not be returned, refunded or repaid to it for any reason.

4. **Release of Claims -- Against Signature Marketing and Justin Luettgerodt.** Effective only upon (a) full and timely payment of the Total Cash Payment on the terms and conditions set forth herein, and (b) the Entry Date, the Receiver releases and forever discharges Signature Marketing and Luettgerodt from any and all manner of actions, causes of action in law or in equity, suits, debts, liens, contracts, liabilities, claims, demands, damages, losses, fees, costs, or expenses, set offs, or claims for recoupment, of any nature whatsoever, known or unknown, fixed or contingent that the Impact estate may have against Signature Marketing and/or Luettgerodt from the beginning of time to the date hereof, or which may hereafter accrue against Signature Marketing and/or Luettgerodt based upon any claims, acts or omissions occurring prior to the date of this Agreement; *provided however*, the release provided under this paragraph is not a release of any claims or causes of action arising or resulting from a default under or breach of this Agreement.

5. **Release of Claims -- Against Receiver.** Effective on the Entry Date, Signature Marketing and Luettgerodt release and forever discharge Impact, Impact's estate, the Receiver and any one or all of the Receiver's associates, affiliates, predecessors, successors, heirs, assigns, managers, subsidiaries, parents, officers, directors, partners, attorneys, agents and the employees, agents, attorneys, representatives, predecessors, successors and assigns thereof (collectively, the "Receiver Release Parties") from any and all manner of actions, causes of action in law or in equity, suits, debts, liens, contracts, liabilities, claims, demands, damages, losses, fees, costs, or expenses, set offs, or claims for recoupment, of any nature whatsoever, known or unknown, fixed or contingent that Signature Marketing and/or Luettgerodt may have against the Receiver Release Parties from the beginning of time to the date of this Agreement, or which may hereafter accrue against the Receiver Release Parties based upon any claims, acts or omissions occurring prior to the date of this Agreement. Signature Marketing and Luettgerodt expressly agree that the release set forth in this paragraph includes without limitation any and all claims against Impact and/or Impact's estate, and that Signature Marketing and Luettgerodt shall receive no distribution of assets in the SEC Civil Action.

6. **Dismissal of Signature Marketing from Ancillary Action With Prejudice.** Within the later of (a) five (5) business days after the Entry Date, or if a stay pending appeal is granted to an appellant, within five (5) business days after any appeal from the Order Approving this Agreement has been resolved, or (b) five (5) business days after the full and timely payment to the Receiver of the Total Cash Payment, the Receiver will file in the Ancillary Action a Notice of Dismissal, dismissing Signature Marketing from the Ancillary Action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).

7. **Representations and Warranties.** Signature Marketing represents and warrants that it has full power and authority to enter into this Agreement, that there has been no assignment or other transfer of a claim, cause of action or other liability which might affect or

Settlement Agreement with Signature Marketing, Page 2

impair the releases set forth in this Agreement. Signature Marketing further represents and warrants that to the extent that any financial information has been provided to the Receiver in conjunction with this Agreement or otherwise, such financial information is actual, complete, true and correct.

8. **Receiver Representation.** The Receiver represents that, as the Court-authorized representative of Impact's estate, he has full power and authority to enter into this Agreement on behalf of Impact and Impact's estate.

9. **Default.** Signature Marketing agrees that it is in material default of this Agreement if (a) it fails to use its best efforts to obtain Court approval of this Agreement, (b) it fails to make the Total Cash Payment to the Receiver as required in accordance with paragraph 2 of this Agreement, (c) it files or causes any affiliated party to file a claim against the estate or otherwise take any action to assert an interest in assets of Impact's estate in violation of paragraphs 5 and 7 of this Agreement, or (d) the representations and warranties as set forth in paragraph 7 above are materially false. Without limiting any of the Receiver's rights and remedies, including the Receiver's right to immediately collect the full amount of the Receiver's claim against Signature Marketing, as acknowledged by Signature Marketing in paragraph 2, in the event of any such material default, the Receiver shall be entitled to damages against Signature Marketing and such damages shall include any and all costs of collection, interest, and reasonable fees and costs incurred by Impact's estate.

10. **Attorneys' Fees and Costs.** Each of the Parties shall bear its own respective attorneys' fees and costs incurred in connection with entering into, obtaining Court approval of, and implementing this Agreement.

11. **Effectuation of Agreement.** The Parties agree to perform any other or further acts, and execute and deliver any other or further documents, as may be necessary or appropriate to implement this Agreement, including any documents necessary to obtain approval of this Agreement from the Court. Except as specifically required by any order entered by the Court, the Receiver may execute any documents necessary to effectuate this Agreement without further notice and hearing.

12. **Binding Effect.** This Agreement shall be binding upon each of the Parties, and their respective successors-in-interest, heirs and/or assigns. All representations and warranties made herein shall survive execution of this Agreement and shall at all times subsequent to the execution of this Agreement remain binding and fully enforceable.

13. **Court Jurisdiction.** Any claims or causes of action, whether legal or equitable, arising out of or based upon this Agreement or related documents, including but not limited to interpretation and/or enforcement of this Agreement, shall be commenced in the Court. The Parties hereby consent to the jurisdiction, venue and process of the Court.

14. **Governing Law.** This Agreement is made pursuant to and shall be governed by laws of the State of Utah, and federal law relating to receiverships.

15. **Construction of Agreement.** This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with governing law. This Agreement has been negotiated by each of the Parties (or their respective counsel) and the language of the Agreement shall not be construed for or against any particular party.

16. **Voluntary Agreement.** This Agreement has been carefully read by the Parties and has been reviewed by the Parties' respective legal counsel (or, if not represented, such Parties had the opportunity to engage counsel to review the Agreement); the contents hereof are known and understood by the Parties; and each of the Parties acknowledges that such party is under no duress or undue influence and that each of the Parties executes this Agreement as its own free and voluntary act.

17. **Integration and Amendments.** This Agreement shall constitute the entire agreement and understanding of and between the Parties in relation to matters described herein, and no statements, representations, inducements or promises other than as expressly set forth herein have been given or received by any of the Parties (nor by their respective agents, employees, attorneys or representatives) in return for same. All negotiations, oral conversations, statements, representations and/or agreements leading up to the execution of this Agreement are merged herewith and shall not be the basis for any legal rights, claims or defenses in relation to any litigation or otherwise. No parole or extrinsic evidence may be used to contradict any of the terms of this Agreement. Any amendment to this Agreement must be in writing, signed by duly authorized representatives of the Parties hereto, and specifically state the intent of the Parties to amend this Agreement.

18. **Severability.** To the extent that any portion of this Agreement is held unenforceable by a court, tribunal or arbiter of competent jurisdiction, the remainder of this Agreement shall remain binding and enforceable provided that the primary purpose of the Agreement is not frustrated.

19. **Counterparts.** This Agreement may be executed by the Parties hereto in any number of identical counterparts, each of which, once executed and delivered in accordance with the terms of this Agreement, will be deemed an original with all such counterparts taken together constituting one and the same instrument. Delivery by facsimile, encrypted e-mail or e-mail file attachment of any such executed counterpart to this Agreement will be deemed the equivalent of the delivery of the original executed agreement or instrument.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date and year written below.

SIGNATURE MARKETING, LLC

By: Justin Luettgerodt, Managing Member

DATED this 7 day of May, 2014.

Settlement Agreement with Signature Marketing, Page 4

JUSTIN LUETTGERODT

_/s/_

DATED this 7th day of May, 2014.

IMPACT CASH, LLC
IMPACT PAYMENT SYSTEMS, LLC

By: _/s/_ Gil A. Miller, Receiver for Impact

DATED this 8th day of May, 2014.